IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00569-BNB

TIMOTHY D. SAMPLES,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp,

    Respondent.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 0 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER OF DISMISSAL

---

Applicant Timothy D. Samples is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Samples initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On March 23, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response and address the affirmative defense of exhaustion of administrative remedies. Respondent filed a Preliminary Response on April 10, 2009, and Mr. Samples filed a Reply on April 21, 2009.

The Court must construe Mr. Samples' Application and Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application and Reply are held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate.

*See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Samples currently is serving a fifty-one month sentence, and his projected release date is May 3, 2010, via good conduct time release. (Preliminary Response, Part 2 at 2-3.) In the Application, Mr. Samples asserts that the BOP has denied him a twelve-month placement in a halfway house, even though he has completed the Residential Drug Abuse Treatment Program (RDAP). He further asserts that all prisoners are given no more than six months in a halfway house in violation of 18 U.S.C. § 3624(c) and (e)(2)(B). Mr. Samples also contends that exhaustion is futile because to obtain the relief he seeks he should have been transferred to a halfway house by May 3, 2009.

Mr. Samples filed a previous 28 U.S.C. § 2241 action requesting a one-year sentence reduction for participating in the RDAP. *See Samples v. Wiley*, No. 08-cv-01359-ZLW (D. Colo. Oct. 2, 2008). The previous § 2241 action was dismissed for failure to exhaust administrative remedies. In the Court's dismissal order in Case No. 08-cv-01359, the Court found that it was not futile for Mr. Samples to exhaust his remedies and that had he initiated an inmate request on June 17, 2008, the day he submitted Case No. 08-cv-01359 to this Court, he would have had at least eight months to exhaust his administrative remedies prior to when only one year remained of his sentence.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th

Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Samples. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Respondent provides evidence that Mr. Samples has filed only three administrative remedies since his incarceration began, none of which pertain to his request for placement in a halfway house. Mr. Samples concedes he has not exhausted his administrative remedies with respect to his halfway house placement. As the Court found in Case No. 08-cv-01359, Mr. Samples has had sufficient time to exhaust his administrative remedies. Simply because he opted not to exhaust his

3

remedies, and he now is within twelve months of his release does not establish that exhaustion is futile. Mr. Samples may not exhaust "administrative remedies by, in essence, failing to employ them." **See Jernigan v. Stuchell**, 304 F.3d 1030, 1033 (10th Cir. 2002).

For the above stated reasons, the Court finds that Mr. Samples fails to demonstrate that the exhaustion of his administrative remedies would be futile. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 20 day of _____May_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00569-BNB

Timothy D. Samples
Reg. No. 08016-028
FPC - Florence
PO Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/20/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk